MARC E. JOHNSON, Judge.
12Pelendant, Dwiron Banks, appeals his conviction and sentence for possession with intent to distribute marijuana. We affirm.
Defendant was initially charged on January 16, 2008 in a bill of information with one count of possession of 220.97 grams of marijuana in violation of La. R.S. 40:966, and one count of possession of a firearm while in possession of a controlled dangerous substance in violation of La. R.S. 14:95(E). He pled not guilty and filed several pre-trial motions, including a motion for a preliminary examination and a motion to suppress the evidence. A preliminary examination was held on May 21, 2008, and the trial court found probable cause to hold defendant. Thereafter, on June 17, 2008, the State amended count one of the bill of information to charge defendant with possession with intent to distribute marijuana.[1]
The trial court heard defendant’s motion to suppress on September 28, 2009. The record reflects that defense counsel submitted the preliminary examination for the suppress hearing and the trial court took the matter under advisement. The trial court subsequently denied the motion to suppress after finding the police | .^conducted a valid investigatory stop, obtained consent to retrieve a gun from the vehicle, and saw the marijuana in plain view inside the vehicle.
Thereafter, defendant entered a guilty plea to the amended charge of possession with intent to distribute marijuana under La.C.Cr.P. art. 893 and State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to seek review of the trial court’s denial of his motion to suppress. Pursuant to the plea agreement, the trial court sentenced defendant to five years imprisonment. Because defendant pled guilty under Article 893, the trial court suspended defendant’s sentence and placed defendant on active probation for three years. The trial court also imposed a $1,000 fine. Additionally, in accordance with the plea agreement, the State dismissed count two of the bill of information. Defendant timely appealed.
Since defendant did not proceed to trial on the merits, we deduced the facts of this case from the preliminary examination hearing, which also formed the basis for the suppression hearing. At the hearing, the State presented the sole testimony of Deputy Tanner Mangano with the St. John’s Sheriffs Office. Deputy Mangano testified he arrested defendant on December 13, 2007. He stated he was flagged down by a female, who was a resident of a nearby apartment complex. The female advised there were three black males in a green Honda Accord smoking marijuana. Deputy Mangano drove in front of the female’s apartment complex and observed a green Honda Accord with three black males inside. Without using his overhead lights, Deputy Mangano pulled behind the suspects in his unit. As he approached the vehicle, the driver, later identified as defendant, was stepping out of the vehicle so Deputy Mangano asked him to continue his exit. As defendant exited the vehicle, *388 Deputy Mangano saw a brown-handled revolver in the center console and smelled burnt marijuana.
14Peputy Mangano asked the two other occupants to exit the vehicle and then asked defendant for permission to retrieve the gun from the car. Defendant consented. As Deputy Mangano leaned into the vehicle to retrieve the gun, he saw a large ziplock bag of marijuana on the right front passenger floorboard in plain view.
A second officer, Deputy Marlborough, arrived at the scene, and Deputy Mangano instructed him to handcuff the suspects. Deputy Marlborough placed defendant in handcuffs while Deputy Mangano handcuffed one of the other two occupants. The third occupant fled on foot but was later captured by Deputy Mangano. After all three suspects were arrested, a second bag, containing 31 individually packaged bags of marijuana, was discovered on the rear passenger side door of the vehicle. A field test confirmed the bags contained marijuana and collectively weighed 220 grams. Upon further processing of the vehicle, an AK 47 Assault Rifle, which was not registered with the Federal Firearm Registry, was discovered in the trunk of the car.
Defendant’s appeal consists solely of an Anders[2] brief filed by his appointed appellate counsel requesting an error patent review. Specifically, appellate counsel seeks to withdraw as counsel of record on the basis she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for ^determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669, p. 2 (La.12/12/97), 704 So.2d 241 (per curiam), the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. Rather, the Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it *389 may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may both deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
1 ^Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. In her brief, appellate counsel notes that although defendant waived his right to challenge the sufficiency of evidence to support his conviction by pleading guilty, the State, nevertheless, introduced sufficient evidence to support defendant’s conviction at the preliminary examination hearing and during the guilty plea colloquy. She adds that the trial court fully explained the rights that defendant was waiving by pleading guilty. Counsel acknowledges that defendant entered a guilty plea under Crosby, reserving his right to appeal the trial court’s denial of his motion to suppress; however, she contends that the evidence introduced by the State at the preliminary hearing, which defendant submitted for the court’s review for the suppression motion, reflected an adequate legal basis for the trial court’s ruling. Appellate counsel also points out that defendant was sentenced in accordance with the plea agreement.
We find appellate counsel’s brief adequately reviews the procedural history of the case and the evidence presented at the motion to suppress hearing, and provides a detailed assessment of whether there are any non-frivolous merits, thereby satisfying the requirements of Jyles.
In her motion to withdraw as attorney of record, appellate counsel indicates she notified defendant that she filed an Anders brief and explained to him his right to file a pro se supplemental brief. In a letter sent certified mail, this Court also advised defendant of his right to file a pro se supplemental brief and informed him that he had until September 30, 2010 to do so. Defendant did not file a pro se supplemental brief.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When an Anders brief |7is filed, the appellate court reviews: 1) the bill of information to insure the defendant was properly charged; 2) all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct, and the sentence is legal; 3) all pleadings in the record; and 4) all transcripts to determine if any ruling provides an arguable basis for appeal. State v. Bradford, 95-929 at 4, 676 So.2d at 1110-11.
The bill of information shows defendant was properly charged. Defendant was also present at all crucial stages of the proceedings. He was properly Boykinized and knowingly and intelligently entered a guilty plea. He received a legal sentence, which was part of a plea bargain set forth in the record. As appellate counsel noted, a defendant cannot seek review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. La.C.Cr.P. art. 881.2(A)(2).
Additionally, the record amply supports the trial court’s denial of defendant’s motion to suppress. The Fourth Amendment to the United States Constitution and La. Const, art. I, § 5 prohibit unreasonable searches and seizures. It is well-established that law enforcement officers have the right to stop and interrogate one reasonably suspected of engaging in criminal activity. La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195, *390 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). A person is “seized” within the meaning of the Fourth Amendment only when that person either submits to the police show of authority or is physically contacted by the police. State v. Hill, 01-1372, p. 9 (La.App. 5 Cir. 5/15/02), 821 So.2d 79, 85. “[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions.” Florida v. Bostick, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389 |s(1991). Rather, a seizure occurs when a person’s freedom to walk away has been restrained by a police officer. Police officers do not need probable cause or reasonable suspicion each time they attempt to converse with a citizen. State v. Hill, 01-1372 at 8, 821 So.2d at 85.
The record shows Deputy Mangano was given information by a female who stated three black males were in a green Honda Accord smoking marijuana. He subsequently corroborated the presence of three black males in a green Honda Accord parked on the street, but did not see any of the men smoking. Without using his sirens or lights, Deputy Mangano approached the parked vehicle.[4] As he approached the vehicle defendant was exiting the vehicle and Deputy Mangano saw a revolver in the center console in plain view and smelled burnt marijuana. At this point, Deputy Mangano had reasonable suspicion that a crime had been committed or was being committed. See State v. Tate, 09-619, p. 11 (La.App. 5 Cir. 2/9/10), 33 So.3d 292, 300.
Deputy Mangano then obtained permission from defendant to retrieve the gun at which time he observed a large bag of marijuana on the front passenger floorboard in plain view. Once Deputy Manga-no had consent from defendant to enter the vehicle, he was lawfully in a position to observe the bag of marijuana in plain view and could seize it without a warrant. See State v. Nicholas, 06-903, p. 10 (La.App. 5 Cir. 4/24/07), 958 So.2d 682, 689. Thus, the trial court did not err in denying defendant’s motion to suppress.
| (ffaving found that an independent review of the record supports appellate counsel’s assertion that there is no basis for a non-frivolous appeal, we grant appellate counsel’s motion to withdraw as attorney of record.
We have reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find no errors that require corrective action.
For the foregoing reasons, defendant’s conviction and sentence are affirmed. Appellate counsel’s Motion to Withdraw is hereby granted.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED

. The amended bill of information also named and charged two additional defendants, Jam-arcus Williams and Zakenerik Williams.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. We note that reasonable suspicion was not required at this point. See State v. Hill, 01-1372, pp. 8-11 (La.App. 5 Cir. 5/15/02), 821 So.2d 79, 85-86, where this Court found the police did not need reasonable suspicion to approach the defendant, who was sitting in his car in a high crime area doing nothing and avoiding eye contact with the police. In Hill, the officer approached the defendant to question him about what he was doing in the area. This Court noted that the defendant complied with the officer’s request to exit his car, the officer did not restrain the defendant, did not have his weapon drawn, and did not have his police lights or siren on. This Court held that asking the defendant in a non-authoritative manner to voluntarily step out of a parked car and answer some questions did not rise to the level of an investigatory stop for which reasonable suspicion is required.